**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    CHRIS WILLIAMS,                                No. C-05-1337  JCS

9              Plaintiff,                           **ORDER GRANTING MOTION FOR
                                                    AWARD OF ATTORNEYS' FEES**
10       v.                                         **[Docket No. 23]**

11   BROWN FAMILY COMMUNITIES,

12             Defendant.
     _____/
13

14   **I.     INTRODUCTION**

15          On July 11, 2005, this Court granted Defendant's Motion to Dismiss for Lack of Personal

16   Jurisdiction, or, Alternatively, Motion to Transfer Venue and dismissed Plaintiff's complaint without

17   prejudice on the basis that the Court lacked personal jurisdiction over Defendant.  Defendant now brings a

18   Motion for Award of Attorneys' Fees ("the Motion").  For the reasons stated below, the Motion is

19   GRANTED.  Defendant is awarded $12,616.55 in fees and costs.

20   **II.    BACKGROUND**

21          Plaintiff Chris Williams, a California resident, entered into a contract ("the Purchase Agreement") to

22   purchase a home to be built in a Phoenix, Arizona, subdevelopment by Defendant, Brown Family

23   Communities ("Brown").  On February 28, 2005, Williams brought a breach of contract action in California

24   Superior Court.  Brown removed the action to this Court and subsequently brought a Motion to Dismiss for

25   Lack of Personal Jurisdiction.  On July 12, 2005, the Court granted Brown's Motion, and dismissed the

26   action without prejudice for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of

27   Civil Procedure.

28

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On July 25, 2005, Brown filed a Motion For Award Of Attorneys' Fees, seeking an award of

attorneys' fees under the terms of the contract and also under Ariz. Rev. Stat. § 12-341.01. Motion at 1.

With respect to the contractual obligation, Brown cited to a paragraph in the Purchase Agreement signed

by both parties that states as follows:

> If any party hereto obtains legal counsel or institutes an action in arbitration
> or otherwise to enforce the terms of this Agreement or to recover damages
> for its breach, the non-prevailing party in such action shall pay to the
> prevailing party all of such prevailing party's costs and expenses incurred,
> including but not limited to reasonable attorneys' fees and costs of court,
> and any arbitrator in any arbitration hereunder is hereby specifically
> empowered to award to the prevailing party in such arbitration such
> prevailing party's costs and expenses incurred, including but not limited to
> reasonable attorneys' fees and costs of court.

Holland Decl., Ex. B. Brown also cites to *Harris v. Reserve Life Ins. Co.,* 158 Ariz. 380, 385 (Ariz. Ct.

App. 1988) for the proposition it is entitled to attorneys' fees even though the Court didn't reach the merits

of Plaintiff's claims.

In support of the Motion, Brown provides detailed time sheets documenting $12,707.50 in fees

and $1,179.80 in costs.[1] These fees were incurred by three attorneys – James Holland, Jeff Goulder and

John Hendricks – whose respective billing rates are $180.00/hour, $300.00/hour and $290.00/hour. *Id*.,

¶¶ 3, 5. According to Holland, the amount of time billed was reduced by 13% to ensure that the fees

sought are reasonable. The time spent preparing the attorneys' fees motion was not included. *Id*., ¶ 9.

In his Opposition, Williams asserts that Brown is not entitled to attorneys' fees because the Court

dismissed his complaint on jurisdictional grounds, without prejudice,  rather than on the merits and

therefore, Brown is not a "prevailing party" under the contract or  Ariz. Rev. Stat. § 12-341.01. Williams

argues that *Harris* is distinguishable and relies instead on another Arizona case, *U.S. Insulation, Inc. v.*

*Hilro Constr. Co.*, 146 Ariz. 250 (Ariz. Ct. App. 1985), which Plaintiff asserts stands for the proposition

that a party may be awarded attorneys' fees as a prevailing party only after there has been a decision on the

---

[1] In the Motion, Plaintiff seeks a total of $15,077.33.  It is not clear how this number was obtained. The documents supporting the Motion reflect attorneys' fees in the amount of $12,707.50 and costs in the amount of $1,179.80 (including the $250.00 filing fee). *See* Motion, Ex. A (Affidavit in Support of Attorneys' Fees ("Holland Decl.")) at Ex. 1. The "Grand Total" of $15,077.33 on the last page of the exhibit appears to be a clerical error.

2

**United States District Court**
For the Northern District of California

1   merits.  Williams also relies on Arizona Rule of Civil Procedure 54(g)(2).  That rule provides, in part, that

2   "[w]hen attorneys' fees are claimed, the determination as to the claimed attorneys' fees shall be made after

3   a decision on the merits of the cause."  Williams argues further that the contractual attorneys' fees clause

4   does not apply because it allows only an arbitrator to award fees and not a court.  Finally, Williams asks

5   the Court to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure on the basis that

6   Brown filed its Motion without reasonable inquiry and cited only one case which, according to Williams, is

7   distinguishable.   Williams does not challenge any of the fees and costs sought by Brown on the basis that

8   they are unreasonable.

9        In its Reply, Brown argues that *U.S. Insulation*, cited by Williams, has been abrogated and cites

10  two additional cases in support of its position that a party may be "prevail" under Arizona law even in the

11  absence of a ruling on the merits: *Mark Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 155 Ariz. 65, 71

12  (Ariz. Ct. App. 1986), *vacated on other grounds*, 155 Ariz. 27 (1987); and *Wagenseller v. Scottsdale*

13  *Mem'l Hosp.*, 147 Ariz. 370, 392 (1985).  Brown also argues that Arizona Rule of Civil Procedure

14  54(g)(2) is irrelevant because Arizona state court procedural rules have no applicability in a federal court in

15  California.  Finally, Brown rejects Plaintiff's contention that the Purchase Agreement only authorizes an

16  arbitrator to award attorneys' fees, arguing that when the attorneys' fees provision is read as a whole,

17  recovery is allowed for both arbitration and litigation fees.

18  **III.    ANALYSIS**

19        **A.    Applicable Law**

20        Jurisdiction in this case is based upon the diversity of the parties.  Accordingly, the Court applies

21  the choice of law rules of California.  *See Liew v. Official Receiver and Liquidator*, 685 F.2d 1192,

22  1195 (9th Cir. 1982).  Here, the Purchase Agreement specifies that it "is governed by the laws of the State

23  of Arizona."  Holland Decl., Ex. B at 8.  California courts enforce contractual choice of law provisions

24  where: 1) there is a substantial relationship between the state whose law has been selected; and 2)

25  enforcement of the contract is not "contrary to a fundamental public policy of California."  *See Hughes*

26  *Elecs. Corp. v. Citibank Delaware*, 120 Cal. App. 4th 251, 258 (2004).  Here, it is undisputed that both

27  of these requirements are met.  Accordingly, the Court applies Arizona law in determining whether Brown

28  is entitled to an award of attorneys' fees.

3

**United States District Court**

For the Northern District of California

**B.      Applicability of Ariz. Rev. Stat. § 12-341.01**

Brown has requested attorneys' fees under both the Purchase agreement and Ariz. Rev. Stat. § 12-341.01.  Section 12-341.02 allows a court, in its discretion, to award a "successful party" reasonable attorneys' fees "[i]n any contested action arising from a contract."  Arizona courts have, held, however, that where there is an attorneys' fees provision in the contract, § 12-341.01 does not apply.  *See Sweis v. Chatwin*, 120 Ariz. 249 (Ariz. Ct. App. 1978).  The court in *Sweis* explained that to apply § 12-341.01 in cases in which there is a contractual attorneys' fees provision "would in effect cancel the unqualified contractual right to recover attorneys' fees given to the successful party by their agreement, and substitute in its place the purely discretionary or permissive right given by the statute." *Id*. at 252.  Therefore, the Court concludes that § 12-341.01 does not apply to Brown's request for attorneys' fees.

**C.      Availability of Fees Under Contract as "Prevailing Party" Where Action is Dismissed for Lack of Personal Jurisdiction**

Brown asserts that it is entitled to attorneys' fees under the contract because it obtained a dismissal of the action based on lack of personal jurisdiction and thus, is the "prevailing party."  Williams, on the other hand, asserts that Brown did not "prevail" because it did not obtain a judgment on the merits.  The Court concludes that Brown is correct.

Under Arizona law, contractual fees provisions are to be interpreted broadly.  *Kammert Bros. Enters. v. Tanque Verde Plaza Co.*, 102 Ariz. 301, 308 (1967).  Although contract terms should be read in light of the parties' intentions, where a standardized form prepared by one party is used, the provisions of the agreement will apply even if the other party did not read the "fine print," so long as the boilerplate terms do not contradict express agreements of the parties."  *Darner Motor Sales., Inc., v. Universal Underwriters Ins. Co.*, 140 Ariz. 383, 393 (1984).

Here, there is no evidence in the record that the parties had any express agreement regarding the meaning of the attorneys' fees provision in the Purchase Agreement.  Nor has the Court found any Arizona case that is on point providing guidance on the specific question at issue here, namely, where a defendant obtains a dismissal without prejudice on the basis of lack of personal jurisdiction, is the defendant entitled to

4

1   attorneys' fees where a contract provides that a prevailing party shall be entitled to attorneys' fees.[2]  Under

2   these circumstances, the task of this Court is to predict how the Arizona Supreme Court would decide the

3   issue.  *See In re Kirkland*, 915 F.2d 1236, 1238 (9th Cir. 1990).  To do so, the Court looks to Arizona

4   appellate and supreme court decisions which have addressed the meaning of the words "prevailing party" in

5   other contexts.

6          In *Wagenseller v. Scottsdale Memorial Hosp.,* 147 Ariz. 370 (1985), the Arizona Supreme

7   Court addressed whether a plaintiff who obtained reversal on appeal of the trial court's grant of summary

8   judgment to defendant on several claims could be awarded attorneys' fees under § 12-341.01 as a

9   "successful party" even though she had not yet prevailed on those claims on the merits.  The court

10  concluded that she could, pointing to the fact that  § 12-341.01 allows fees to be awarded to a "successful

11  party" without specifically requiring that the party prevail on the merits.  *Id*. at 392.  In contrast, the

12  *Wagenseller* court noted, many other statutes, such as A.R.S.  § 12-348, permit fees only where a party

13  has prevailed "by an adjudication on the merits."  *Id*.

14         An Arizona appellate court followed *Wagenseller* in *Mark Lighting Fixture Co.*, 155 Ariz. 65

15  Ariz. Ct. App. 1986).  In that case, the court addressed whether the defendants could be considered

16  "successful parties" under § 12-341.01 and § 12-341 (allowing a "successful party" to a civil action to

17  recover costs) where the case had been dismissed without prejudice on the basis of the plaintiff's failure to

18  prosecute.  The court concluded they could, relying, in part, on the conclusion of the *Wagenseller* court

19  that § 12-341.01 does not require that a party prevail on the merits to be "successful."  *Id*. at 70.  The

20  court went on to consider whether the fact that a dismissal is without prejudice – thus allowing for a

21  possible future action on the same claims – changes the result.  *Id*.  Citing numerous cases from other

22  jurisdictions in which courts have awarded attorneys' fees where a plaintiff has voluntarily dismissed its case

23

24

25         [2] The Court has found two cases in which courts have found a party was *not* a prevailing party where
    it obtained a dismissal based on lack of personal jurisdiction.  *See Lichtenheld v. Juniper Features, Ltd.*,
26  1996 WL 685443 (N.D. Ill.); *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 2004 WL 421739 (N.D.
    Ill.).  The Court declines to follow these cases, however, because both involve  requests for fees under  federal
27  statutes rather than contractual provisions.  Further, the holdings in these cases rest on the  assumption that a
    party may not be a prevailing party where an action is dismissed without prejudice because the action may be
28  refiled.  As discussed below, however, Arizona courts appear to have rejected this proposition.

5

**United States District Court**
For the Northern District of California

1    without prejudice, the court concluded that a dismissal without prejudice does not prevent a party from

2    being considered "successful." *Id*. at 71.  It went on to affirm the trial court's award of attorneys' fees.

3        On appeal, the Arizona Supreme Court reversed the court of appeal in *Mark Lighting* on the basis

4    that the request for attorneys' fees was untimely.  155 Ariz. 27, 31.  However, it expressly reserved the

5    question of whether "attorneys' fees may be awarded under A.R.S. § 12-341.01 where the complaint is

6    not disposed on the merits."

7        In *Harris v. Reserve Life Ins. Co.,* 158 Ariz. 380 (Ariz. Ct. App. 1988), another Arizona court of

8    appeal followed the court of appeal's decision in *Mark Lighting*.  In *Harris*, the plaintiff had voluntarily

9    dismissed the action after the defendant filed a summary judgment motion, apparently because deposition

10   testimony revealed a significant problem with the plaintiff's case. *Id*. at 382.  The trial court granted the

11   voluntary dismissal and awarded attorneys' fees under A.R.S. §12-349 on the basis that the action was

12   filed without "substantial justification."  *Id*.  The court awarded costs under § 12-341 on the basis that the

13   defendant was a "successful party."  On appeal, the court affirmed the trial court and specifically held that

14   the cost award was proper because "the fact that the action is dismissed without prejudice and that plaintiff

15   can refile is not relevant."  *Id*. at 385 (*citing Mark Lighting*).

16       Based on the decisions discussed above, the Court concludes that the fact that Brown obtained a

17   dismissal without prejudice does not preclude it from being considered a "prevailing party" under Arizona

18   law.  First, the reasoning of *Wagenseller*  – that the statute does not limit the term "successful party" to a

19   party that prevails on the merits – also applies here.  Had the parties chosen to limit the attorneys' fees

20   provision in this manner they could have done so.  Second, there is no evidence in the record or language in

21   the Purchase Agreement suggesting that the parties intended the attorneys' fees provision to limit the fees

22   that would otherwise be available under § 12-341.01 if there were no attorneys' fees provision in the

23   contract.  Indeed, it would make little sense to include such a provision in the contract if the practical result

24   of such a provision were to *reduce* the availability of attorneys' fees.  Third, Arizona appellate courts

25   appear to agree that *Wagenseller* allows for attorneys' fees even where there is a dismissal of an action

26   without prejudice.

27       Nor is the Court persuaded that the decision of an Arizona court of appeal in *U.S. Insulation, Inc.*

28   *v. Hilro Constr. Co., Inc.,* 146 Ariz. 250 (Ariz. Ct. App. 1985) requires a contrary result.  In that case,

6

**United States District Court**
For the Northern District of California

1   which was decided a year before *Wagenseller*, the court of appeal reversed an order of the trial court

2   denying the defendant's motion to compel arbitration. *Id*. at 259.  The defendant sought attorneys' fees

3   under § 12-341.01 on the basis that it had successfully appealed the trial court's order.  *Id*.  However, the

4   court of appeal denied the request on the basis that § 12-341.01 allowed for an award of attorneys' fees

5   only where there had been a decision on the merits.  *Id*.  The Court concludes that on this issue, *Hilro* is no

6   longer good law in light of the Arizona Supreme Court's holding in *Wagenseller* that a "successful party"

7   under § 12-341.01 need not prevail on the merits.

8          Finally, the Court rejects Plaintiff's reliance on Arizona Rule of Civil Procedure 54(g)(2).  Even if

9   this state law rule of civil procedure were relevant here, Plaintiff has failed to cite any case suggesting this

10  rule was meant to limit the holdings of the cases discussed above.

11         Therefore, the Court concludes that Brown is a "prevailing party" under the terms of the Purchase

12  Agreement.

13         **D.        Authority of Court to Award Fees Under Contract**

14         Williams argues that the Purchase Agreement does not authorize an award of attorneys' fees by a

15  federal court, citing the section of the attorneys' fees provision that reads "any arbitrator in any arbitration .

16  . . is empowered to award to the prevailing party . . . reasonable attorneys' fees and costs."  The Court

17  disagrees.

18          Contract provisions must be interpreted in a way that gives meaning to all material terms and not

19  render any superfluous. *Miller v. Hehlen*, 109 Ariz. 462, 466 (Ariz. Ct. App. 2005).  Phrases in a

20  contract provision should be considered as included by the parties' intent. *Id* at 466.  Read in its entirety,

21  the attorneys' fees provision in the Purchase Agreement allows for an award of attorneys' fees by an

22  arbitrator *or* a court.  In particular, it begins by providing that "If any party hereto obtains *legal counsel* or

23  institutes an action in arbitration *or otherwise* to enforce the terms of this Agreement or to recover

24  damages for its breach, the non-prevailing party shall pay to the prevailing party . . . reasonable attorneys'

25  fees and costs." (emphasis added).  Plaintiff's reading of the attorneys' fees provision is overly narrow and

26  fails to give effect to all of the words in the provision.  Therefore, the Court concludes the attorneys' fees

27  provision allows the Court to award attorneys' fees.

28

**United States District Court**
For the Northern District of California

1   **E.        Reasonableness of Fees and Costs Sought**

2       The Court has reviewed the fees sought by Defendant and finds both the rates billed and the time

3   spent to be reasonable with the exception that the time billed for communications between the three

4   attorneys who worked on the case suggests some duplication of work.  Accordingly, the Court reduces the

5   attorneys' fees sought by 10%.  In addition, the costs sought are reasonable.  The Court notes that Plaintiff

6   has not objected to the amount of fees or costs sought in any respect.  Therefore, the Court awards

7   $11,436.75 in attorneys' fees and $1,179.80 in costs.

8   **F.        Plaintiff's Request for Rule 11 Sanctions**

9       Plaintiff has requested that the Court impose sanctions under Rule 11 on the basis that Defendant's

10  Motion is not supported by any relevant legal authority.  The Court denies Plaintiff's request, both on the

11  merits (for the reasons stated above) and because Plaintiff failed to file a separate motion for sanctions, as

12  required under Civil Local Rule 7-8(a).

13  **IV.     CONCLUSION**

14      For the reasons stated above, the Motion is GRANTED.  Defendant is awarded $12,616.55 in

15  attorneys' fees and costs.

16      IT IS SO ORDERED.

17

18  Dated: October 21, 2005

19

20  _____

21  JOSEPH C. SPERO
    United States Magistrate Judge

22

23

24

25

26

27

28

8